**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4702

JOHN MELVIN SUTHERLAND,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-149)

Submitted: June 2, 1998

Decided: July 7, 1998

Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James H. Renfrow, Jr., Dillon, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Melvin Sutherland pled guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine, 21 U.S.C. § 846 (1994), and received a sentence of forty-two months imprisonment. He appeals his sentence, contending that the sentencing scheme established for methamphetamine offenses in 21 U.S.C.A. § 841(b) (West 1981 & Supp. 1998), and USSG § 2D1.1 [1] is unconstitutional, and that the district court clearly erred in finding that he had more than a minimal role in the offense. See USSG§ 3B1.2. We affirm.

On October 19, 1996, Donald King was arrested with 24.7 grams of methamphetamine in his possession after he met with a cooperating defendant. King told federal agents that his friend, John Sutherland, was holding an additional six ounces of methamphetamine for him. The agents went to Sutherland's house, where Sutherland consented to a search and handed over a package containing 346.4 grams of methamphetamine (gross weight). Asked if there were any other drugs in the house, Sutherland pointed out a container holding a small amount of marijuana and 13.3 grams of methamphetamine (gross weight) in a number of plastic bags. Laboratory analysis of the larger amount of methamphetamine disclosed a total of 70.1 grams of pure methamphetamine.

Sutherland's offense level was calculated using the 70.1 grams of pure methamphetamine he possessed. Under the sentencing guidelines, one gram of pure methamphetamine[2] is the equivalent of ten kilograms of marijuana, while one gram of methamphetamine mixture is the equivalent of one kilogram of marijuana; the greater offense level is to be used. See USSG § 2D1.1, comment. (n.10(d)) (Drug Equivalency Table for Cocaine and Other Schedule I and II Stimulants). The 70.1 grams converted to 701 kilograms of marijuana, giving Sutherland a base offense level of 30.

_____

[1] **U. S. Sentencing Guidelines Manual** (1995).
[2] Pure methamphetamine is called"methamphetamine (actual)" in the Drug Table and conversion table. See USSG§ 2D1.1(c), n.*(B).

2

At sentencing, Sutherland argued that his sentence should be calculated using the mixture rather than the pure methamphetamine, so as to give him a base offense level of 26 rather than 30. He pointed out that many of his co-defendants' sentences were calculated using the mixture conversion method because no methamphetamine was seized from them which could be analyzed. He argued that his involvement in the conspiracy was limited and that he should not be penalized more harshly than the others. The government did not oppose use of the mixture conversion method, but the district court decided that it could not disregard the guidelines' direction to use the method which produced the greater offense level. With reductions in his offense level for minor role and acceptance of responsibility, Sutherland's guideline range was 63-78 months. He was subject to a statutory minimum sentence of sixty months because his offense involved more than ten grams of methamphetamine. See 21 U.S.C.A. § 841(b)(1)(B)(viii). The district court departed downward on the government's motion under USSG § 5K1.1, p.s., and imposed a sentence of forty-two months imprisonment.

On appeal, Sutherland contends that the sentencing scheme for methamphetamine offenses is unconstitutional because it lacks a rational basis and is subject to arbitrary enforcement. He maintains that the penalty provisions allow the sentencing court to make an arbitrary election to use either pure methamphetamine or the weight of the methamphetamine mixture and provide no guidance in determining which method to apply. Because this argument was not made at sentencing, the district court did not rule on it, and we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Sutherland must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Even if Sutherland can meet this burden, we must decide whether the error is one which seriously affects the fairness, integrity, or public reputation of judicial proceedings and thus should be corrected. See Olano, 507 U.S. at 732.

Sutherland is incorrect when he argues that the sentencing scheme permits the court arbitrarily to select either pure methamphetamine or the total weight of the mixture as the basis for the sentence. If the weight of the pure methamphetamine is known, the guideline requires

3

the court to use the method which produces the greater offense level. Acknowledging this fact, Sutherland maintains that using the greater offense level is "arbitrary, irrational and unfair" because other defendants in the same conspiracy were sentenced using the mixture method. However, the Seventh Circuit has held that the methamphetamine sentencing scheme set out in § 841 and USSG § 2D1.1 has a rational basis. See United States v. Turner, 93 F.3d 276, 287 (7th Cir. 1996). We find that the district court did not plainly err in this case in failing to decide, sua sponte, that the penalty scheme lacks a rational basis.

Next, Sutherland argues that the district court should have awarded him a four-level adjustment for having a minimal role in the offense. The defendant's role in the offense is a factual question which we review under the clearly erroneous standard. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995). Critical to a finding that a defendant is a minimal participant in a concerted criminal activity is his lack of knowledge or understanding of the scope and structure of the enterprise and the activities of others. See USSG § 3B1.2(b), comment. (n.1). Here, the district court found that, because Sutherland admitted buying methamphetamine from other conspirators and using it with them over a period of years and because, on the date of his arrest, he provided knowing assistance by storing a large amount of methamphetamine, he had more than a minimal role. We cannot say that this determination was clearly erroneous.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4